295 F.2d 341
 61-2 USTC P 9700
 WESTERN SUPPLY AND FURNACE COMPANY, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Josephine S. BAHCALL, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Louis S. BAHCALL, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Louis S. BAHCALL and Josephine S. Bahcall, his wife, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 12972-12975.
 United States Court of Appeals Seventh Circuit.
 Oct. 23, 1961.
 
 Joseph M. Solon, Chicago,Ill., for petitioner.
 Charles K. Rice, Lee A. Jackson, Joseph Kovner, William A. Friedlander, Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice,Washington, D.C., for respondent.
 Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit judges.
 HASTINGS, Chief Judge.
 
 
 1
 Each of these four proceedings is brought before us upon a petition by the respective taxpayers for review of decisions of the Tax Court of the United States.[1] The four cases were consolidated for trial in the Tax Court and were tried as a consolidated case. The tax Court entered four separate decisions determining certain deficiencies in the federal income taxes of each of petitioners.
 
 
 2
 The four petitions for review were consolidated for hearing by this court and will be treated jointly in this opinion.
 
 
 3
 Prior to October 19, 1936, petitioners Louis S. Bahcall and Josephine S. Bahcall, his wife, were engaged in the business of installing and repairing furnaces, the sale of parts for heating equipment and also engaged in the hardware business.
 
 
 4
 The corporate taxpayer petitioner, Western Supply and Furnace Company, was incorporated on October 19, 1936. Louis and Josephine transferred certain of the assets of their business to the corporation in full payment for substantially all of the capital stock. The corporation was empowered 'to engage in the manufacture of, buying and selling building supplies and building materials and in the buying and selling of hardware and in the manufacture, sale, installation and repair of furnaces and parts of furnaces, wholesale or retail.'
 
 
 5
 The taxable years covered by the various deficiencies assessed by the Tax Court varied with the several taxpayers but generally were during the period beginning with the year 1940 and running through the year 1946.
 
 
 6
 The parties concede that the contested issues on this appeal are wholly factual. They may be stated as follows:
 
 
 7
 1. Whether there is substantial evidence to support the findings of fact of the Tax Court that the large amounts of admittedly unreported cash in the possession of Louis and Josephine Bahcall during the years 1940 through 1946, were derived from sales of the taxpayer-corporation rather than from the sale of furnace parts owned by Louis Bahcall personally.
 
 
 8
 2. Whether there is substantial evidence to support the findings of fact of the Tax Court estimating the taxpayer's cost of goods sold, in the absence of adequate and accurate inventory records.
 
 
 9
 3. Whether there is substantial evidence to support the Tax Court's finding that a part of the deficiencies against the taxpayer-corporation as well as those found by it against Louis and Josephine were due to fraud.
 
 
 10
 4. Whether there is substantial evidence to support the Tax Court's finding that the taxpayer-corporation had filed incomplete tax returns without reasonable cause.
 
 
 11
 The Tax Court, acting through Judge John E. Mulroney, filed its detailed memorandum findings of fact and opinion on March 30, 1959 and entered its four decisions on October 9, 1959. The facts and issues and the Tax Court's view of the applicable law are fully set out therein and need not be restated here.
 
 
 12
 Since the issues before us are wholly factual we have carefully considered the entire voluminous record in this case. From our review of the record, the briefs and arguments of counsel, we hold that there is substantial evidence in the record to support the findings of the Tax Court and that it did not err in its conclusions based thereon.
 
 
 13
 The decisions of the Tax Court appealed from herein are affirmed upon the findings and opinion of Judge Mulroney, reported in Western Supply and Furnace Company, P-H 1959 T.C.Mem.Dec. P59,057 (1959).
 
 
 14
 Affirmed.
 
 
 
 [1]
 The petitioners in the four proceedings are Western Supply and Furnace Company in No. 12972; Josephine S. Bahcall in No. 12973; Louis S. Bahcall in No. 12974; and Louis S. Bahcall and Josephine S. Bahcall, his wife, in No. 12975. The Commissioner of Internal Revenue is the respondent in each case